```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,            :    93 Cr. 180 (LAK)
                                          16 Cv. 4346 (LAK)
            - v -                    :

NIDAL AYYAD,                         :

                  Defendant.         :

------------------------------------X
------------------------------------X

UNITED STATES OF AMERICA,            :    93 Cr. 180 (LAK)
                                          16 Cv. 5031 (LAK)
            - v -                    :

AHMAD MOHAMMAD AJAJ,                 :

                  Defendant.         :

------------------------------------X
------------------------------------X

UNITED STATES OF AMERICA,            :    93 Cr. 180 (LAK)
                                          16 Cv. 5184 (LAK)
            - v -                    :

MOHAMMAD A. SALAMEH,                 :

                  Defendant.         :

------------------------------------X
------------------------------------X

UNITED STATES OF AMERICA,            :    93 Cr. 180 (LAK)
                                          16 Cv. 5686 (LAK)
            - v -                    :

EYAD ISMOIL,                         :

                  Defendant.         :

------------------------------------X
```

**SENTENCING MEMORANDUM IN SUPPORT OF MOVANTS**

                              Federal Defenders of New York, Inc.
                              Attorney for Defendants
                                  **MOHAMMAD A. SALAMEH,**
                                  **NIDAL AYYAD,**
                                  **AHMAD MOHAMMAD AJAJ**
                              52 Duane Street - 10th Floor
                              New York, New York 10007
                              Tel.: (212) 417-8742

**PHILIP L. WEINSTEIN,**
**ROBERT M. BAUM,**
 *Of Counsel*


TO:   **GEOFFREY S. BERMAN, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007

Attn.:  **RYAN B. FINKEL,**
       **ELINOR TARLOW,**
       **JULIANA N. MURRAY,**
       **DANIEL H. WOLF, ESQS.**
       Assistants United States Attorney
       Southern District of New York

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 27, 2020

**BY ECF & HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Room 2240
New York, New York 10007

> Re: **United States v. Mohammad A. Salameh et al.**
> **93 Cr. 180 (LAK); 16 Cv. 4346 (LAK)**

Dear Judge Kaplan:

Since the government conceded that the predicate for the 924(c) conviction in Count Ten is not a crime of violence, our argument is limited to Count Nine's 924(c) conviction. As alleged in the indictment, the predicate crime of violence is assault in violation of 18 U.S.C. § 111. In Count Nine, it was charged "the defendant did use and carry an improvised explosive device during and in relation to Count Eight in this Indictment." Count Eight charged ". . . the defendants did cause an explosion at the World Trade Center complex by use of an improvised explosive device, the force of which explosion injured three Special Agents with the United States Secret Service."

In its submission the government argues that petitioners were convicted of 18 U.S.C. § 111(b) and Section 111(b) is categorically a crime of violence. But, conspiracy is not a crime of violence and pursuant to the court's charge the jury was invited to find a violation of Section 924(c) based on the conspiracy alleged in Count One.

In its instruction the court charged as follows:

Honorable Lewis A. Kaplan  
United States District Judge  
Southern District of New York

January 27, 2020  
Page 2

Re: **United States v. Mohammad A. Salameh et al.**
    **93 Cr. 180 (LAK); 16 Cv. 4346 (LAK)**

In light of my instructions you [SIC] find beyond a reasonable doubt that a defendant was a member of the conspiracy charged in Count One and, thus, guilty on the conspiracy count, then you may also, but you are not required, to find him guilty of any or all of the substantive crimes charged in Counts Two through Six and Counts Eight through Ten providing you find the following elements beyond a reasonable doubt.

First, the crime charged in the substantive count, that is, Counts Two through Six and Counts Eight through Ten was, in fact, committed.

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed.

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators.

Fourth, that the defendant was a member of the conspiracy at the time the substantive crime was committed.

And, fifth, that the defendant could have reasonably foreseen the substantive crime committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged against him, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it. The reason for this rule is simply that a co-conspirator is deemed to be the agent of all the other co-conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crime.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime unless the government proves beyond a reasonable doubt that the defendant personally

Honorable Lewis A. Kaplan  
United States District Judge  
Southern District of New York

January 27, 2020  
Page 3

Re: **United States v. Mohammad A. Salameh et al.**  
     **93 Cr. 180 (LAK); 16 Cv. 4346 (LAK)**

committed or aided and abetted the commission of the substantive crime charged.

Exhibit A, p.9174-75.[1] Thus, the jury was told that it could find Salameh, Ajaj and Ayyad guilty of committing a crime of violence if they were guilty of conspiracy as charged in Count One. Under United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Barrett, 937 F.3d 126 (2d Cir. 2019) a conviction under Section 924(c) based on a conspiracy to commit a crime of violence is invalid.

Section 924(c)(1)(A)(i) proscribes using or carrying a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(3) defines a crime of violence as a felony offense that:

(A) Has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In Davis, the Supreme Court held that § 924(c)(3)(B)'s residual clause is void by vagueness. 139 S.Ct. at 2336. The commission of a predicate crime of violence is an element of a § 924(c) offense. United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999). Consequently, petitioner's § 924(c) convictions and sentences remain valid only is the record establishes that he necessarily used or carried a firearm in connection with an offense that satisfies § 924(c)(3)(A)'s force clause. The record does not allow that determination here.

To determine whether an offense meets § 924(c)(3)(A)'s definition, this Court applies the categorical approach. United

---

[1] The entire charge is contained in Exhibit A; defendant Eyad Ismoil does not have counsel. We did not represent him and he was convicted following a separate trial. The government has been unable to obtain the jury instructions in that case. Gov't memorandum, p.3, n.4.

Honorable Lewis A. Kaplan                                  January 27, 2020
United States District Judge                               Page 4
Southern District of New York

     Re:  <u>United States v. Mohammad A. Salameh et al.</u>
           93 Cr. 180 (LAK); 16 Cv. 4346 (LAK)

States v. Hill, 890 F.3d 51, 55 (2d Cir. 2018). The categorical approach looks "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990). See also United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006) (per curiam) ("[W]e focus on the intrinsic nature of the offense rather than on the circumstances of the particular crime.") This Court "cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts qualify the offense as . . . a crime of violence." Hill, 890 F.3d at 55-56 (quoting Ming lam Sui v. INS, 250 F.3d 105, 117-18 (2d Cir. 2001)).

    In evaluating the offense's elements, this Court considers only "the minimum criminal conduct necessary for conviction." Id. at 55 (quoting Acosta, 470 F.3d at 135). This Court "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts criminalized,' and then determine whether even those acts are encompassed by the generic federal offense." Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013) (quoting Johnson v. United States, 559 U.S. 133, 137 (2010)).

    As discussed, § 924(c)(3)(A)'s force clause requires the intentional use, attempted use, or threatened use of physical force. But under the Pinkerton rule (theory of co-conspirator liability under Pinkerton v. United States, 328 U.S. 640 (1946)), the instruction given in this case, to convict petitioner of Section 111 assault, the jury was not required to make such a finding. The jury did not have to find that petitioner committed the assault. Rather, it was enough for the jury to find that petitioner was a member of a conspiracy whose other members committed the assault. Those findings suffice to establish criminal liability for the substantive offense, but not for § 924(c)(3)(A).

    Under Pinkerton, once a conspiracy has been established, the criminal liability of its members "extends to all acts of wrongdoing occurring during the course of and in furtherance of the conspiracy." United States v. Bryser, 954 F.2d 79, 88 (2d Cir. 1992). In this case, the court's charge instructed the jury that it may "find a defendant guilty on a substantive count without specific evidence that he committed the act charged if

Honorable Lewis A. Kaplan                           January 27, 2020
United States District Judge                        Page 5
Southern District of New York

    Re:  <u>United States v. Mohammad A. Salameh et al.</u>
           <u>93 Cr. 180 (LAK); 16 Cv. 4346 (LAK)</u>

it is clear that the offense had been committed, that it had been committed in furtherance of an unlawful conspiracy, and that the defendant was a member of the conspiracy." <u>United States v. Miley</u>, 513 F.2d 1191, 1208 (2d Cir. 1975). But the co-conspirators' conduct for which the defendant is held liable "need not be (and often is not) a feature of the conspiratorial plan or agreement." <u>United States v. Capanelli</u>, 479 F.3d 163, 167 (2d Cir. 2007).

    Under the minimum-conduct rule, all that was necessary for petitioners' assault convictions was a jury finding that they were part of a conspiracy, and that others in the conspiracy committed a reasonably foreseeable assault. That offense does not have as an element petitioner's intentional use, attempted use, or threatened use of force, and consequently does not satisfy § 924(c)(3)(A).

    Conspiracy to assault with a dangerous weapon does not satisfy Section 924(c)(3)(A) force clause because conspiracy to commit a crime of violence requires only an agreement. It does not by its terms require the use, attempted use or threatened use of physical force. See <u>United States v, Barrett</u>, 937 F.3d 126 (2d Cir. 2019) (finding that Conspiracy to Commit a Hobbs Act Robbery is not a crime of violence); (<u>United States v, Carcamo</u>, 219 WL 3302360 (9th Cir. 2019) (reversing a RICO conspiracy pursuant to <u>Davis</u>). Based on <u>Barrett</u>, under the elements clause a conspiracy to commit an assault is not categorically a crime of violence. In this case the court permitted the jury to find a conspiracy to commit an assault to provide a predicate for a Section 924(c) conviction and sentence. For that reason the Count Nine conviction must be vacated, in addition to the Count Ten convictions, and petitioners should be resentenced.

Honorable Lewis A. Kaplan  
United States District Judge  
Southern District of New York  

January 27, 2020  
Page 6  

Re: <u>United States v. Mohammad A. Salameh et al.</u>  
   93 Cr. 180 (LAK); 16 Cv. 4346 (LAK)  

                                            Respectfully,

                                            /s/  
                                        PHILIP L. WEINSTEIN,  
                                        ROBERT M. BAUM  
                                        Assistants Federal Defender  

PLW/ec  

cc: Ryan B. Finkel,  
    Elinor Tarlow,  
    Juliana N. Murray,  
    Daniel H. Wolf, Esqs.  
    Assistants United States Attorney  
    Southern District of New York