UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIDAL AYYAD,<br><br>        Movant,<br><br>- against -<br><br>UNITED STATES,<br><br>        Respondent. | 93 Cr. 180 (LAK)<br>16 Civ. 4346 (LAK) |
| AHMAD MOHAMMAD AJAJ,<br><br>        Movant,<br><br>- against -<br><br>UNITED STATES,<br><br>        Respondent. | 93 Cr. 180 (LAK)<br>16 Civ. 5031 (LAK) |
| MOHAMMAD A. SALAMEH,<br><br>        Movant,<br><br>- against -<br><br>UNITED STATES,<br><br>        Respondent. | 93 Cr. 180 (LAK)<br>16 Civ. 5184 (LAK) |
| EYAD ISMOIL,<br><br>        Movant,<br><br>- against -<br><br>UNITED STATES,<br><br>        Respondent. | 93 Cr. 180 (LAK)<br>16 Civ. 5686 (LAK) |

# GOVERNMENT'S OPPOSITION
# TO PETITIONERS' MOTIONS

                                                        GEOFFREY S. BERMAN
                                                        United States Attorney
                                                        Southern District of New York
                                                        One St. Andrew's Plaza
                                                        New York, New York 10007

Elinor Tarlow
Ryan B. Finkel
Juliana N. Murray
Daniel H. Wolf
Assistant United States Attorneys
*-Of Counsel-*

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................................... i
TABLE OF AUTHORITIES ............................................................................................................ 2
PRELIMINARY STATEMENT ...................................................................................................... 1
    I.    Background and Procedural History .................................................................................... 2
        A.    Petitioners' Indictments ................................................................................................ 2
        B.    Petitioners' Convictions ............................................................................................... 2
        C.    The Motions .................................................................................................................. 3
    II.    *Davis* Does Not Affect Count Nine Because Its Predicate Crime—Assault—Has as an Element the Threatened, Attempted, or Actual Use of Force ............................................ 4
    III.    Applicable Law .................................................................................................................... 5
        1.    Petitioners Were Convicted of 18 U.S.C. § 111(b) ...................................................... 7
        2.    18 U.S.C. § 111(b) is a Crime of Violence under § 924(c)(3)(A) ............................... 8
CONCLUSION ............................................................................................................................... 10

# TABLE OF AUTHORITIES

*Descamps v. United States*, 570 U.S. 254 (2013) ........................................................................6
*Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007) ................................................................. 6-7
*Johnson v. United States*, 135 S. Ct. 2551 (2015) ................................................................... 3-4
*Larode v. United States*, 356 F. Supp. 3d 561 (E.D. Va. 2019).............................................. 9-10
*Mathis v. United States*, 136 S. Ct. 2243 (2016)...................................................................... 5-6
*Moncrieffe v. Holder*, 569 U.S. 184 (2013) ..................................................................................6
*Rodriguez v. United States*, No. 3:16-CV-1784 (JCH), 2019 WL 5552325 (D. Conn. Oct. 25, 2019).............................................................................................................................................8
*Taylor v. United States*, 495 U.S. 575 (1990) ..............................................................................6
*United States v. Acosta*, 470 F.3d 132 (2d Cir. 2006) ..................................................................6
*United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019).............................................................1, 4
*United States v. Chestaro*, 197 F.3d 600 (2d Cir. 1999)..............................................................7
*United States v. Cole*, 722 F. App'x 749 (9th Cir. 2018) ............................................................9
*United States v. Davis*, 139 S. Ct. 2319 (2019) ................................................................... 1, 4-5
*United States v. Delaney*, 214 F. App'x 356 (4th Cir. 2007).......................................................9
*United States v. Green*, 543 F. App'x. 266 (3d Cir. 2013) ..........................................................9
*United States v. Hathaway*, 318 F.3d 1001 (10th Cir. 2003).......................................................8
*United States v. Hernandez-Hernandez*, 817 F.3d 207 (5th Cir. 2016)....................................7, 9
*United States v. Hill*, 890 F.3d 51 (2d Cir. 2018) ........................................................................6
*United States v. Jones*, 878 F.3d 10 (2d Cir. 2017) .....................................................................5
*United States v. Kendall*, 876 F.3d 1264 (10th Cir. 2017)...........................................................9
*United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016) ............................................................9-10
*United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998).................................................................3
*United States v. Taylor*, 848 F.3d 476 (1st Cir. 2017) .................................................................9
*United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003)................................................................1, 3

## RULES AND STATUTES

18 U.S.C. § 111................................................................................................................... passim
18 U.S.C. § 1114.........................................................................................................................2, 7
18 U.S.C. § 2 ....................................................................................................................................2
18 U.S.C. § 371 ................................................................................................................................1
18 U.S.C. § 921(a) ........................................................................................................................2, 5
18 U.S.C. § 924(c) ................................................................................................................ passim
18 U.S.C. § 924(e) ...........................................................................................................................4
18 U.S.C. § 1951 ..............................................................................................................................4
28 U.S.C. § 2255............................................................................................................................ 1-2

**PRELIMINARY STATEMENT**

The Government respectfully submits this opposition to the motions filed by Nidal Ayyad, Ahmad Mohammad Ajaj, Mohammad Salameh, and Eyad Ismoil (collectively, "Petitioners") pursuant to 28 U.S.C. § 2255 (the "Motions"). Petitioners argue that their convictions at trial for violating 18 U.S.C. § 924(c) ("Section 924(c)"), as charged in Counts Nine and Ten of their operative indictments, 93 Cr. 180 (KTD/LAK),[1] are unconstitutional because the respective predicate offenses for these counts—assault on a federal official in violation of 18 U.S.C. § 111 (Count Nine) and conspiracy to destroy buildings in violation of 18 U.S.C. § 371 (Count Ten)—are not "crimes of violence." This Court ordered the Government to respond following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the Second Circuit's decision in *United States v. Barrett*, 937 F.3d 126, (2d Cir. 2019), which held the residual clause of Section 924(c) to be unconstitutional.

For the reasons that follow, the Motions should be denied with respect to Count Nine because assaulting a federal official in violation of Section 111 remains a "crime of violence" under the elements clause of Section 924(c)(3)(A), which is undisturbed by *Davis* and its progeny.[2]

---

[1] In their petitions, Salameh, Ayyad, and Ajaj reference a ninth Superseding Indictment; however, as to these petitioners, the fifth Superseding Indictment appears to be the operative charging document. (Dkt. 62.) For petitioner Ismoil, who was convicted following a separate trial, a twelfth Superseding Indictment appears to be the operative charging document. (Dkt. 412.) *See also United States v. Yousef*, 327 F.3d 56, 135 (2d Cir. 2003) (identifying charges against Ismoil).

[2] In light of *Davis* and *Barrett*, the Government consents to a partial grant of the Motions and to entry of an amended judgment excising the Petitioners' convictions on Count Ten and reducing their sentences by the length of time attributable to Count Ten.

I.  **Background and Procedural History**

A. **Petitioners' Indictments**

The Petitioners were charged by indictment with various crimes relating to their roles in the 1993 bombing of the World Trade Center in Manhattan. *See* 93 Cr. 180 (Dkt. 42, 412.) As is relevant to the Motions, Count Eight of the Petitioners' respective indictments charged that the Petitioners:

> [U]nlawfully, wilfully, knowingly and forcibly did assault, oppose, impede, intimidate, and interfere with a person designated in Section 1114 of Title 18 of the· United States Code, while that person was engaged in and on account of the performance of official duties, and in doing so, the defendants did use a deadly and dangerous weapon, to wit, the defendants did cause an explosion at the World Trade Center complex by use of an improvised explosive device, the force of which explosion injured three Special Agents with the United States Secret Service [in violation of Title 18, United States Code, Sections 111 and 2].

Count Nine of the Petitioners' respective indictments further charged that the Petitioners:

> [U]nlawfully, wilfully, and knowingly, and during and in relation to a crime of violence for which they may be prosecuted in a court of the United states, namely, the forcible assault of federal officers in violation of Title 18, United States Code, Section 111 as set forth in Count Eight of this Indictment, which is incorporated by reference herein, did use and carry a firearm, as that term is defined in Title 18, United States Code, Section 921(a) to include any destructive device, to wit, the defendants did use and carry an improvised explosive device during and in relation to Count Eight of this Indictment [in violation of Title 18, United States Code, Sections 924(c) and 2].

(Dkt. 42, 412).

B. **Petitioners' Convictions**

On March 4, 1994, following a six-month trial before United States District Court Judge Kevin T. Duffy involving more than "1000 exhibits and the testimony of more than 200

witnesses,"[3] a jury convicted Mohammad Salameh, Nidal Ayyad, and Ahmad Mohammad Ajaj of all the counts with which they were charged. During the course of Salameh's, Ayyad's and Ajaj's trial, Judge Duffy instructed the jury with regard to the second of five elements of Count Eight that:

> [T]he government must prove . . . that the defendants forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with the victim. Although the indictment alleges that the defendants forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with the victim, I'm telling you it's not necessary that the government prove all of those things; that is, assaulted, resisted, and so on and so forth. It's sufficient that the government proves beyond a reasonable doubt that the defendant did any one of these several alternative acts as charged.

(Trial Tr. at 9166)).[4]

On November 12, 1997, Ismoil was convicted of all of the counts with which he was charged, following a four-month trial before Judge Duffy. *Yousef*, 327 F.3d at 137.

### C. The Motions

In June 2016, Petitioners filed nearly identical *pro se* motions under 28 U.S.C. § 2255 to vacate, set aside, or correct their sentences. (*See* Dkts. 859, 862, 863, 867). Specifically, they argued that the Court should vacate their convictions under Count Nine because an assault of a federal officer does not constitute a "crime of violence" under either Section 924(c)(3)(A)'s "elements clause" or, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Section 924(c)(3)(B)'s "risk-of-force clause."[5] In *Johnson*, the Supreme Court

---

[3] *United States v. Salameh*, 152 F.3d 88, 108 (2d Cir. 1998).

[4] The Government has not yet been able to obtain the jury instructions for petitioner Ismoil's trial. Should the Court deem it necessary to review those instructions to resolve Ismoil's motion, the Government respectfully requests additional time to obtain those jury instructions.

[5] Petitioners also challenged their 924(c) convictions in Count Ten, which the Government does not oppose.

3

held that the Armed Career Criminal Act's ("ACCA") definition of "violent felony" was unconstitutionally vague because it defined that term to "include offenses that presented a 'serious potential risk of physical injury to another.'" *Davis*, 139 S. Ct. at 2326 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). Petitioners argued in the Motions that because the relevant portion of ACCA mirrors Section 924(c)(3)(B)'s definition of a "crime of violence," Section 924(c)(3)(B) suffers from the same constitutional defect, and therefore their convictions under Count Nine should be vacated.

This Court stayed Petitioners' motions pending the resolution of *Johnson* and similar constitutional challenges in this Circuit and elsewhere. (*See* Dkt. 873; Dkt. 902).

On June 24, 2019, the Supreme Court held in *United States v. Davis* that the risk of force clause in Section 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. Two months later, the Second Circuit applied that holding in *United States v. Barrett*, vacating under Section 924(c)(3)(B) a defendant's conviction for having used a firearm in furtherance of a Hobbs Act robbery conspiracy. 937 F.3d at 127. *Barrett* left undisturbed the defendant's convictions under Section 924(c)(3)(A), the elements clause, which were predicated on substantive Hobbs Act offenses. Following that decision, this Court ordered the Government to file a joint response to Petitioners' motions in this case. (Dkt. 922 at 2).

## II. *Davis* Does Not Affect Count Nine Because Its Predicate Crime—Assault—Has as an Element the Threatened, Attempted, or Actual Use of Force

The Court should deny the Petitioners' motions to vacate their Section 924(c) convictions as charged in Count Nine. Although *Davis* invalidated Section 924(c) convictions predicated on offenses that were only deemed "crimes of violence" under Section 924(c)(3)(B)'s risk-of-force clause, *Davis* does nothing to disturb Section 924(c) convictions predicated on "crimes of violence" that fall within the definition of Section 924(c)(3)(A)'s elements clause. Here, Count

4

Nine was predicated on the Petitioners' convictions of assaulting federal officers, as charged in Count Eight, and because the assault of federal officers has as an element the use, or threatened or attempted use, of force, it therefore qualifies as a "crime of violence" under Section 924(c)'s elements clause. Accordingly, Petitioners' convictions on Count Nine should not be vacated.

### III. Applicable Law

Section 924(c) criminalizes the use or carrying of a firearm[6] "during and in relation to any crime of violence" that is itself a violation of federal law. 18 U.S.C. § 924(c)(1)(A). The statute further defines a "crime of violence" as an offense that is a felony and either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). As is described above, subsection (A) is often referred to as the "elements clause" and remains undisturbed following *Davis*. Subsection (B), often referred to as the "risk-of-force clause" or the "residual clause," is no longer valid following *Davis*.

To determine whether an offense is a crime of violence under the elements clause, courts employ a "categorical approach" or, if the statute is divisible, a "modified categorical approach." *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016). "The categorical approach is confined to an examination of the legal elements of the . . . criminal statute [at issue] to determine whether they are identical to or narrower than the relevant federal statute." *United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017). Where the criminal statute at issue is "divisible," meaning that it "criminalize[s] multiple elements in the alternative[,] . . . courts may employ what is known as

---

[6] A "firearm" includes "any destructive device," such as a "bomb." 18 U.S.C. §§ 921(a)(3), (a)(4)(A)(i).

5

the modified categorical approach," which permits the court to consult a limited set of approved documents to determine which elements formed the basis of the defendant's conviction. *Id.* The limited class of documents includes, "for example, the indictment, jury instructions, or plea agreement and colloquy." *Mathis*, 136 S.Ct. at 2252.

Under either approach, courts identify "the minimum criminal conduct necessary for conviction under a particular statute," *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006), by "'look[ing] only to the statutory definitions'—*i.e.*, the elements—of [the] offense[], and not 'to the particular [underlying] facts,'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 500 (1990)). A reviewing court "cannot go behind the offense as it was charged to reach [its] own determination as to whether the underlying facts" qualify the offense as a crime of violence. *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (quotations marks omitted).

To show a predicate conviction is not a crime of violence "requires more than the application of legal imagination to [the] statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Rather, there must be "a realistic probability, not a theoretical possibility," that the statute at issue could be applied to conduct that does not constitute a crime of violence. *Id.* To show that a particular reading of the statute is realistic, a defendant "must at least point to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues." *Id.* To that end, the categorical approach must be grounded in reality, logic, and precedent, not lawyerly speculation. *See Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (noting that "focus on the minimum conduct criminalized by the [relevant] statute is not an invitation to apply 'legal imagination' to the . . . offense" (quoting *Duenas-Alvarez*, 549 U.S. at 193)).

6

### A. Petitioners Were Convicted of 18 U.S.C. § 111(b)

To determine whether assault in violation of 18 U.S.C. § 111 qualifies categorically as a "crime of violence," courts first apply a modified categorical approach to assess whether the defendant was convicted of § 111(a) or (b). *See United States v. Chestaro*, 197 F.3d 600, 607 (2d Cir. 1999) ("[Section 111(b)] defines a separate offense [from 111(a)] rather than simply a sentencing enhancement."); *United States v. Hernandez-Hernandez*, 817 F.3d 207 (5th Cir. 2016) ("§ 111 is divisible . . . [O]ur precedent establishes that § 111 encompasses 'three separate offenses.'").

Section 111 provides as follows:

> (a) IN GENERAL. — Whoever —
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall be fined under this title or imprisoned not more than three years, or both. 4
>
> (b) ENHANCED PENALTY. — Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon, shall be fined under this title or imprisoned not more than ten years, or both.

PL 100–690 (HR 5210), PL 100–690, November 18, 1988, 102 Stat 4181[7]

---

[7] The 1988 version of Section 111 was the operative version at the time of the underlying conduct in this case. Subsequent versions of the statute are all similar with the primary difference being changes made to the statutory maximum.

Section 111 "contains three separate offenses, each element of which must be charged in the indictment and proven to the jury beyond a reasonable doubt." *United States v. Hathaway*, 318 F.3d 1001, 1007 (10th Cir. 2003).

In this case, using the modified categorical approach, it is clear from the plain language and structure of the operative charging documents that the Petitioners were convicted in Count Eight under Section 111(b). Count Eight charged the Petitioners with "us[ing] a deadly and dangerous weapon" in connection with their assault of federal officers and specified that the Petitioners "cause[d] an explosion at the World Trade Center complex by use of an improvised explosive device . . . the force of which explosion injured three Special Agents with the United States Secret Service." Count Nine, in turn, charged that the Petitioners used and carried a destructive device, "an improvised explosive device" during and in relation to the assault charged in Count Eight. Because the charging instruments explicitly linked the assault alleged in Count Eight to the "use of a deadly and dangerous weapon," and the jury convicted on these grounds, it is apparent that Petitioners were found guilty of violating Section 111(b). As is described further below, that particular offense qualifies as a crime of violence under the elements clause of Section 924(c).

**B. 18 U.S.C. § 111(b) is a Crime of Violence Under § 924(c)(3)(A)**

The assault of a federal officer, as charged in Count Eight, is a crime of violence under § 924(c)(3)(A). As several other district and Circuit courts have found, "[t]he use of a deadly or dangerous weapon while in the commission of an assault on a federal officer necessarily involves the 'use, attempted use, or threatened use of physical force.'" *Rodriguez v. United States*, No. 3:16-CV-1784 (JCH), 2019 WL 5552325, at *10 (D. Conn. Oct. 25, 2019). Indeed, courts have uniformly held that convictions under Section 111(b) are "crimes of violence" that qualify as

predicate offenses under Section 924(c)(3)(A)'s elements clause and other federal statutes containing identical (or near identical) clauses. *See United States v. Cole*, 722 F. App'x 749, 749 (9th Cir. 2018) (acknowledging, in a Section 924(c) case, that the Ninth Circuit "has held that a defendant charged with assault by using a deadly or dangerous weapon in violation of 18 U.S.C. § 111(b) must necessarily threaten the use of force"); *United States v. Taylor*, 848 F.3d 476, 492-93, 494 (1st Cir. 2017) ("In fact, every court we are aware of that has considered the issue has found that [Section 111(b) is a crime of violence] because the elements of the enhanced offense require the use, attempted use, or threatened use of force capable of causing pain or injury."); *United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017) ("Four circuits have held that a violation of § 111(b) constitutes a crime of violence."); *United States v. Rafidi*, 829 F.3d 437, 443-444 (6th Cir. 2016) ("We conclude that a violation of § 111(b)—the portion of the statute under which Rafidi was convicted—constitutes a 'crime of violence' under § 924(c)."); *United States v. Hernandez-Hernandez*, 817 F.3d 207, 217 (5th Cir. 2016) ("We hold that § 111(b) is categorically a crime of violence."); *United States v. Green*, 543 F. App'x. 266, 272 (3d Cir. 2013) ("[S]ome form of forcible conduct is required for violations of § 111 . . . . The statute therefore "has as an element the use, attempted us[e], or threatened use of physical force against another"); *Larode v. United States*, 356 F. Supp. 3d 561, 569-72 (E.D. Va. 2019) ("[A]ssaulting a federal officer qualifies as a crime of violence under the force clause—at least where, as here, the defendant is charged under Section 111's enhanced-penalty provision [under Section 111(b)]."); *see also United States v. Delaney*, 214 F. App'x 356, 359 (4th Cir. 2007) ("Regarding the forcible assault charge, a conviction of "forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with [a federal officer]," under § 111(a)(1), "has as an element the use, attempted use, or threatened use of physical force against the person of another.").

Indeed, because Petitioners were convicted of an act of physical force heightened by "the use of a deadly weapon, . . . § 111(b) elevate[s] th[e] lower degree of physical force under § 111(a) into violent force sufficient to establish § 111(b) as a crime of violence." *Larode*, 356 F. Supp. 3d, at 572 (quoting from *Rafidi*, 829 F.3d, at 445-446) (internal quotations omitted)

Accordingly, Count Eight remains a valid predicate offense to support the Petitioners' convictions on Count Nine.

## CONCLUSION

For the reasons stated above, the Court should deny Petitioners' motions with respect to Count Nine without a hearing. In addition, because Petitioners have not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue.

Dated:  New York, New York
        December 9, 2019

>                       Respectfully submitted,
>
>                       GEOFFREY S. BERMAN
>                       United States Attorney
>
>                 By:          /s/
>                       Elinor Tarlow
>                       Ryan B. Finkel
>                       Juliana N. Murray
>                       Daniel H. Wolf
>                       Assistant United States Attorneys
>                       (212) 637-1036 / 6612 / 2314 / 2337