**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 19, 2020

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Room 2240
New York, NY 10007

> Re:  **United States v. Salameh et al.**
>      93 Cr. 180 (LAK); 16 Cv. 4346 (LAK)
>      93 Cr. 180 (LAK); 16 Cv. 5031 (LAK)
>      93 Cr. 180 (LAK); 16 Cv. 5184 (LAK)

Dear Judge Kaplan:

The Government respectfully writes in response to the Court's Order, dated February 19, 2020 (the "Order"). (Dkt. 937.) In the Order, the Court found that Petitioners were convicted in Count Nine under 18 U.S.C. § 111(b) and that assaulting a federal officer in violation of that subsection is a "crime of violence" under Section 924(c)'s elements clause, so *Davis* provides no relief. However, because Petitioners' reply submission asserted new grounds in support of their argument that their convictions on Count Nine should be vacated, the Court directed the Government to respond.[1]

Petitioners now challenge their convictions on Count Nine based on the jury charge at trial. (Dkt. 931.) Specifically, Petitioners appear to contend that, because the trial court instructed the jury regarding *Pinkerton* liability as an alternative basis for holding Petitioners liable of the substantive offense of assaulting a federal officer (Count Eight), their convictions in Count Eight were effectively conspiracy convictions. Petitioners further contend that, as a result, their convictions in Count Nine must be vacated under *Davis*, because conspiracy to commit a crime is not a "crime of violence" under 924(c)(3)(A)'s elements clause. This argument is both procedurally defaulted and meritless.

---

[1] The failure to address an issue in a principal brief "constitutes waiver." *See Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009); *see also Best v. Barbarotta*, 790 F. App'x 336, 337 n.2 (2d Cir. 2020). Here, Petitioners did not raise any challenge to the jury instructions until their reply brief. Although the Court has permitted the Government to respond to these arguments, the Court should deem Petitioners' arguments on this point to be waived.

*First*, Petitioners are procedurally barred from raising such an argument.  When, as here, a petitioner does not raise an issue on direct appeal, he may not subsequently raise that issue in a habeas petition unless he can show either: (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent.  *See Thorn v. United States*, 659 F.3d 227, 231 (2d Cir. 2011).

Here, Petitioners have not provided any basis for cause either to excuse procedural default or to establish that they were prejudiced.  Nor could they.  The Supreme Court has made clear that "cause" is measured by a stringent standard of diligence.  *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  Although "cause" to excuse a procedural default may exist where a claim "is so novel that its legal basis [was] not reasonably available to counsel," *Reed v. Ross*, 468 U.S. 1, 16 (1984), Petitioners do not have a viable claim that the instant challenge to the jury instructions was unavailable to their counsel on direct appeal.

Petitioners further would be unable to demonstrate any actual prejudice resulting from the jury instruction.  When, as here, a petitioner alleges that the jury was improperly instructed, the petitioner must show that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."  *Frady v. United States*, 456 U.S. 152, 169 (1982) (quotation marks and citation omitted).  Here, as described below, Petitioners' challenge to the jury instruction is meritless; even so, Petitioners could not demonstrate that the jury instruction "so infected the entire trial" such that the "resulting conviction violates due process."  *See id* (noting petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions" (emphasis in original)).

Finally, Petitioners have not asserted that they are in fact innocent of the crime charged and would not be able to "demonstrate that, *in light of all the evidence*, it is more likely than not that no reasonable juror would have convicted [them]" of Count Nine.  *See Bousley v. United States* 523 U.S. 614, 623 (1998) (internal quotation marks omitted and emphasis added).  The record as a whole, viewed in the light most favorable to the Government, contained ample evidence that the defendants had committed the substantive offense as charged in Count Nine.

*Second*, even if the Court were to reach the merits, Petitioners' argument should be rejected.  The Second Circuit has already held in this case that the trial court's *Pinkerton* instruction was appropriate.  *United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998).  Contrary to Petitioners' argument, Petitioners were not convicted in Count Eight of conspiracy to commit violations of Section 111(b), they were convicted of *substantive* violations of Section 111(b).  Accordingly, and as described in the Government's motion in opposition, the substantive violation of Section 111(b) is the predicate "crime of violence" relevant to the 18 U.S.C. § 924(c) violation charged in Count Nine.  The *Pinkerton* jury instruction does nothing to change that fact, and so *Davis* is inapplicable.

Various courts have rejected the argument Petitioners advance.  For example, in *United States v. Woods*, 2020 U.S. Dist. LEXIS 35096 (E.D. Mich. Mar. 2, 2020), the court rejected a defendant's argument that his § 924(c) conviction  should be vacated because "the jury may have

improperly predicated" his § 924(c) conviction on his conspiracy to commit murder conviction due to the *Pinkerton* theory of liability, and "that conspiracy is no longer a valid crime of violence pursuant to" *Davis*. *Id.* at *16-22. The court held that the jury was properly instructed on the government's burden to establish the defendant's liability under *Pinkerton* and the evidence was sufficient to meet that burden. *Id.* at *19. The court further held that the *Pinkerton* instruction for the substantive offense did not result in a constructive amendment and thus did not effectively convert the defendant's substantive conviction into a conspiracy conviction. *Id.* at *21-22. *See also Clinton v. United States*, 2019 U.S. Dist. LEXIS 198592 (W.D.N.C. Nov. 14, 2019); *Moore v. United States*, 2019 U.S. Dist. LEXIS 183444, at *7 (W.D.N.C. Oct. 23, 2019); *United States v. Singleton*, 2019 U.S. Dist. LEXIS 127321, at *10-11 (D.S.C. July 31, 2019).

For the reasons stated in the Government's motion in opposition and above, the Court should deny Petitioners' motions with respect to Count Nine without a hearing. In addition, because Petitioners have not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:  _Juliana Murray_
Juliana N. Murray
Elinor Tarlow
Ryan B. Finkel
Assistant United States Attorneys
(212) 637-2314 / -1036/ -6612

cc: Philip L. Weinstein, Esq. (via ECF)
    Robert M. Baum, Esq. (via ECF)