UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NIDAL AYYAD,

                                    Movant,

                                                            16-cv-4346 (LAK)
                    -against-                               (93-cr-0180 (LAK))

UNITED STATES OF AMERICA,

                                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MOHAMMAD SALAMEH,

                                    Movant,

                                                            16-cv-5184 (LAK)
                    -against-                               (93-cr-0180 (LAK))

UNITED STATES OF AMERICA,

                                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


                        **MEMORANDUM AND ORDER**


LEWIS A. KAPLAN, *District Judge.*

                    Movants were convicted of multiple felony counts in connection with the 1993 World
Trade Center bombing, including two counts charged under 18 U.S.C. § 924(c), Counts Nine and
Ten.   The predicate offense for Count Nine was assault on a federal official in violation of  18
U.S.C. § 111, as charged in Count Eight.  The predicate offense for Count Ten was conspiracy to
destroy buildings in violation of 18 U.S.C. § 371.

                    "At resentencing, Judge Duffy sentenced each defendant (1) on Counts 1-6 & 8, to
a sentence designed to be one month short of life expectancy, (2) on Counts Nine and Ten (the §
924(c) counts), to two consecutive additional 30-year sentences, (3) on the miscellaneous counts (7,
11, 12), to additional concurrent sentences, (4) to a $250,000 fine, and (5) to $250 million in
restitution. The exact prison time imposed under Counts 1-6 & 8 varied among the defendants
according to their ages." *United States v. Salameh,* 261 F.3d 271, 275 (2d Cir. 2001).  As relevant
here, Ayyad was sentenced to 1,405 months' imprisonment and Salameh to 1,403 months'
imprisonment. *Id.*

                    In June 2016, movants (and several of their co-defendants) filed nearly identical *pro*

2

*se* 28 U.S.C. § 2255 motions challenging their convictions on Counts Nine and Ten [DI 859, 863].[1] The Court stayed the motions pending the resolution of constitutional challenges to Section 924(c)(3)'s definition of a "crime of violence." [DI 873, 902].

In *Johnson v. United States*, the Supreme Court invalidated 18 U.S.C. §924(e)(2)(B), which contained language similar to that in  18 U.S.C. § 924(c), under which movants were convicted.  135 S.Ct. 2551 (2015).  Several years later, the  Court in *United States v. Davis*, 139 S.Ct. 2319 (2019), held that the Section 924(c)(3)(B) "risk of force" or "residual" clause is unconstitutionally vague.  In light of *Davis*, the Second Circuit in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), vacated a defendant's conviction under Section 924(c)(3)(B) for conspiracy to commit Hobbs Act robbery.  The Circuit's decision did not alter that defendant's convictions under 924(c)(3)(A), known as the "force" or "elements" clause, which were predicated on substantive Hobbs Act offenses.

In their initial Section 2255 petitions, movants argued that their convictions should be vacated because that the predicate offenses were not "crimes of violence" under *Johnson v. United States*, 135 S.Ct. 2551 (2015) (and *Davis* and *Barrett*).  In their reply, movants argued for the first time the trial court's jury instructions provide additional grounds for relief. [*See* DI 931, 948.]  The trial court had instructed that movants could be convicted on  on Count Eight on a *Pinkerton* theory of liability.  Accordingly, as the Court explained  recently in a memorandum and order on a Section 2255 motion by one of movants' co-defendants:

> "[Movants contend] that the jury was not required to find that they assaulted a federal officer, the crime of violence, and instead could have convicted them based on the co-defendants' membership in the conspiracy.    In other words, they argue that their convictions on Count Eight were effectively – or at a minimum, could have been – conspiracy convictions.  Since a defendant's own use of violent physical force is not an element of the offense of conspiracy, they argue, their convictions on Count Eight do not satisfy Section 924(c)(3)(A)'s requirement that the predicate offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"  Accordingly, they argue that Count Eight is not a valid predicate offense for Count Nine."  *Abouhalima v. United States*, No. 20-cv-834(LAK), 2020 WL 3318031, at *1 (S.D.N.Y. June 18, 2020).

The Court found previously that movants were convicted in Count Nine under 18 U.S.C. § 111(b) and that assaulting a federal officer in violation of this subsection is a "crime of violence" under Section 924(c)(3)(A)'s elements clause. [DI 941 at 2].  However, because movants' reply submission – the first submitted by counsel, the Federal Defenders of New York – asserted a new ground in support of their argument, the Court directed additional briefing. [*Id.* at 2-3].

---

[1]    All docket references are to 93-cr-180.

The government argues that movants waived this argument since it was not raised in movants' principal briefs. Typically, such a failure "constitutes waiver." *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009). However, the circumstances present here warrant a different outcome. By Standing Orders, the chief judge appointed the Federal Defenders of New York to represent eligible prisoners in their Section 2255 petitions that were based on *Johnson*. *In re: Motions for Sentencing Reductions Under 28 U.S.C. § 2255 in Light of Johnson v. United States*, 15 Misc. 373 (S.D.N.Y. Nov. 18, 2015); *In re: Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States*, 16 Misc. 217 (S.D.N.Y. June 8, 2016). In doing so, the chief judge specified that the Federal Defenders would file supplemental briefs, and "suggested that individual judges defer any consideration of such petitions" until the filing of that brief. 16 Misc. 217 at 1-2. Consistent with this recommendation, the Court in its discretion will consider movants' *Pinkerton* argument.

The government contends that movants are procedurally barred from raising their *Pinkerton* argument. They contend further that even if the argument was not barred, it fails on the merits.

When a challenge to conviction is not raised on direct appeal, a defendant is prohibited from doing so in a Section 2255 petition unless he demonstrates "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Thorn v. United States*, 659 F.3d 227, 231 (2d Cir. 2011). Cause may be shown where a claim was "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

As the Court stated in its prior memorandum and order:

"When movant[s] filed [their] direct appeals more than twenty years ago,[2] a conspiracy to commit a 'crime of violence' itself was a 'crime of violence' under Section 924(c)(3). *See United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992). Even after the Supreme Court's decision in *Johnson*, the Second Circuit in 2018 upheld the constitutionality of Section 924(c)'s residual clause. *See United States v. Barrett*, 903 F.3d 166, 175 (2d Cir. 2018), *abrogated by Untied States v. Davis*, 139 S.Ct. 2319 (2019). It was not until 2019, nearly two decades after movant[s] filed their direct appeal, that *Davis* and *Barrett* were decided. Accordingly, movant[s] have shown cause and prejudice and thus [are] not procedurally barred from raising this claim." *Abouhalima*, 2020 WL 3318031, at *2.

"However, this claim fails on the merits. As the government argues, the *Pinkerton* instruction does not transform movant[s'] conviction[s] for assaulting a federal official into a conspiracy to do so. Movant[s] could have been convicted on Count Eight for a *substantive* violation of Section 111 in either of two ways. First, the jury could have convicted on the theory that the defendant[s] [themselves] assaulted a federal official. Second, it could have convicted [them] on the theory that [they were

---

[2]

*United States v. Salameh*, 152 F.3d 88 (2d. Cir. 1998).

4

members] of the conspiracy and that the assault was reasonably foreseeable.[3] *See Pinkerton v. United States*, 328 U.S. 640, 645-47 (1946)." *Abouhalima*, 2020 WL 3318031, at *2.

Movants were convicted on Count Eight at trial. Accordingly, they were convicted of *substantive* assault on a federal officer, not of a *conspiracy* to assault a federal officer. The *Pinkerton* instruction thus does not implicate Section 924(c)(3)(B)'s residual clause. *See United States v. Blanco*, No. 19-1680, 2020 WL 3026248, at *1 n.3. (2d Cir. June 5, 2020).

In light of *Davis* and *Barrett*, the government consents to vacatur of movants' convictions on Count Ten. [DI 928 at 1 n.2].

Accordingly, movants' motion to vacate their convictions [DI 859, 863] is granted as to Count Ten and denied in all other respects. The Court will enter amended judgments reflecting this ruling.

A certificate of appealability is denied and the Court has concluded than any appeal from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:     June 24, 2020

Lewis A. Kaplan
United States District Judge

---

[3] The Second Circuit upheld the court's *Pinkerton* instruction on direct appeal. *Salameh*, 152 F.3d at 150.