UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NIDAL AYYAD,

                             Movant,

        -against-                                         16-cv-4346 (LAK)
                                                                  [93-cr-0180 (LAK)]

UNITED STATES OF AMERICA,

                             Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

        Appearances:

                Robert M. Baum
                FEDERAL DEFENDERS OF NEW YORK, INC.
                *Attorney for Movant*

                Ryan B. Finkel
                Assistant United States Attorney
                AUDREY STRAUSS
                ACTING UNITED STATES ATTORNEY
                *Attorneys for Respondent*

LEWIS A. KAPLAN, *District Judge.*

        This case involves a defendant convicted of multiple felonies in the 1993 World Trade Center bombing who ultimately was sentenced to an aggregate term of imprisonment of 1,405 months. The Court has vacated the conviction on one count which carried a consecutive term of imprisonment of 360 months. The question before the Court is whether it is obliged to conduct a full resentencing or, alternatively, may enter an amended judgment reducing the aggregate term of imprisonment by 360 months.

2

*Facts*

Movant was convicted on multiple felony counts in connection with the 1993 World Trade Center bombing in which six people were killed and more than a thousand injured, and in which the bombers caused millions of dollars in damage.[1] Among the counts of conviction were counts under 18 U.S.C. § 924(c), Counts 9 and 10. The predicate offense for Count 9 was assault on a federal official in violation of 18 U.S.C. § 111 as charged in Count 8. The predicate offense for Count 10 was conspiracy to destroy buildings in violation of 18 U.S.C. § 371.

At resentencing, the sentencing judge sentenced movant, principally, to (1) concurrent terms of imprisonment of 685 months, which was designed to be one month short of his life expectancy,[2] on Counts 1-6 and 8, and (2) two additional mandatory 360 month sentences on each of Counts 9 and 10 (the § 924(c) counts) to run consecutively to each other and to the 685 months of imprisonment on Counts 1-6 and 8. Movant thus was sentenced to an aggregate term of 1,405 months' imprisonment.[3]

In June 2016, movant filed a 28 U.S.C. § 2255 motion challenging his convictions on Counts 9 and 10. The motion was stayed pending resolution of constitutional challenges to Section 924(c)(3)'s definition of "crime of violence."

---

[1] *United States v. Salameh* ("*Salameh I*"), 152 F.3d 88, 108 (2d Cir. 1998).

[2] The sentencing judge believed that the statutory text and Second Circuit case law at the time of sentencing required this calculation. *United States v. Salameh,* 261 F.3d 271, 275 (2d Cir. 2001). Obviously, had he thought otherwise, he would have imposed concurrent life sentences on those counts. As the Circuit later pointed out in affirming the sentence, however, movant and his co-defendants "have no legal right to a sentence shorter than their correct life expectancy." *Id*.

[3] *Id*.

In a memorandum and order dated June 24, 2020 [DI 959[4]], this Court granted the motion to the extent of vacating the conviction on Count 10, but denied it in all other respects. It stated that it would enter an amended judgment reflecting that ruling.

Movant now contends that he is entitled to a full resentencing. He argues that *United States v. Quintieri*[5] "created a default rule where conviction errors require[] de novo resentencing while sentencing errors allow for a limited resentencing."[6] As this Court's vacatur of the 360 month consecutive sentence on Count 10 corrected a conviction rather than a sentencing error, he maintains that he is entitled to a *de novo* resentencing. He maintains also that he "has demonstrated an extraordinary record of post-sentence rehabilitation during his 27 years of incarceration" and hopes to persuade the Court to impose an aggregate sentence shorter than would be imposed if the Court simply eliminated the 360 months consecutive sentence on Count 10 from the previous aggregate of 1,405 months.[7]

The government takes a different view. It maintains first that the default rule of *Quintieri* applies only "when the conviction on one or more charges is overturned on appeal and the case is remanded for resentencing,"[8] which is not the situation now before this Court. And it goes on to contend that a *de novo* resentencing would be inappropriate in this case for a variety of reasons, including the sentence's structure and duration.

---

[4] Docket entries refer to 93-cr-180.

[5] 306 F.3d 1217 (2d Cir. 2002).

[6] DI 972.

[7] DI 963.

[8] *Quintieri,* 306 F.3d at 1227-28; *United States v. Rigas*, 583 F.3d 108, 115 (2d Cir. 2009).

*Discussion*

Following "ambiguous" characterizations of the *Quintieri* rule, the Circuit in 2016 issued a per curiam opinion in *United States v. Powers* that clarified, subject to one exception, that "where only part of a conviction is subsequently overturned," the "'default rule' to remedy a so-called 'conviction error'– as distinct from a so-called 'sentencing error'– is *de novo* resentencing."[9]

The "only viable exception" to that default rule is where "the defendant has already received, as his or her sentence on an upheld count of conviction, a mandatory minimum sentence."[10] This is so because "a district court's amending its judgment of conviction is, by force of law, strictly ministerial" in that circumstance.[11] In other words, a resentencing would be unnecessary where it would not alter a defendant's aggregate term of incarceration.

The *Quintieri* default rule is inapplicable here. As the Circuit has explained, that rule applies to instances where "the conviction on one or more charges is *overturned on appeal and the case is remanded for resentencing*."[12] Movant does not cite, nor is the Court aware of, any case in which the *Quintieri* default rule has been applied in the habeas context.

The nature of habeas petitions demonstrates why this is so. A final judgment may be attacked collaterally pursuant to Section 2255 only in narrow circumstances.[13] The limited availability

---

[9] 842 F.3d 177, 179 (2d Cir. 2016) (citing *Quintieri,* 306 F.3d at 1228 & n.6).

[10] *Id.* at 180.

[11] *Id*.

[12] *Quintieri,* 306 F.3d at 1227-28 (emphasis added); *United States v. Rigas*, 583 F.3d at 115 (same).

[13] *See United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995).

5

of Section 2255 reflects an interest in the finality of a criminal judgment, an interest that is not present on a direct appeal.[14]  A default rule requiring that the district court hold a *de novo* resentencing each and every time a defendant successfully challenges at least one count of a multi-count conviction would be in tension with the narrow scope of Section 2255.

Moreover, as the government observes, "[a]ny argument that this Court's order vacating [one count] of the defendant's conviction should be treated as a mandate from a court of appeals is meritless, particularly given that the plain text of § 2255 vests this Court with the discretion to determine first the nature of the relief that 'may appear appropriate.'"[15]  Thus, the Court is not persuaded that *Quintieri* obliges it to conduct a *de novo* resentencing in this Section 2255 context.

To be sure, a district court may determine that it is appropriate to hold a full resentencing following a habeas petition that results in the vacatur of one of several counts of conviction.  But the Court is not persuaded that it should do so here.

First, the principle underlying the *Quintieri* rule is that when a conviction is partially vacated, "[t]he constellation of offenses of conviction has been changed and the factual mosaic related to those offenses that the district court must consult to determine the appropriate sentence is likely altered."[16]  In other words, once one conviction is vacated, the "knot of calculation" is undone.[17]  But the vacatur of one of the two consecutive 30 year sentences that themselves were imposed to follow service of the concurrent sentences of one month short of movant's life expectancy has not altered the

---

[14] *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).

[15] DI 970 (quoting 28 U.S.C. § 2255(b)).

[16] *Quintieri*, 306 F.3d at 1227-28.

[17] *Id.*

6

"knot of calculation."[18]  Those consecutive 30 year sentences were intended, collectively and individually, to prevent movant from being released from incarceration even on the sentencing court's mistaken impression that it could not impose a life sentence on the other counts. That is, those 30 year consecutive sentences on Counts 9 and 10 were not "inextricably tied to other counts."[19]

        Second, it bears mention that movant previously appealed from the sentences imposed when he last was resentenced.  Whatever arguments he chose to advance then were rejected by the Court of Appeals.  Whatever arguments he elected not to raise at least arguably were waived.  And the policies that animate the mandate rule counsel against a discretionary *de novo* resentencing on the 685 month sentences imposed on Counts 1-6 and 8, regardless of whether that rule forecloses *de novo* resentencing as a matter of law.

        Third, the strong likelihood is that the movant's argument in favor of a *de novo* resentencing is entirely academic.  On any resentencing he would have to be sentenced to 360 months imprisonment on Count 9, to be served consecutive to any sentence imposed on the other counts.[20]  He is 53 years old.  In order for a *de novo* resentencing to have any real world effect – that is, to give him any real chance of release prior to his passing – the Court would have to impose concurrent sentences

---

[18] The Court recognizes that the structure of the sentence would not preclude an application of the *Quintieri* default rule had Ayyad's conviction been vacated and remanded on direct appeal.  *See Rigas*, 583 F.3d at 116.  But the question of a resentencing is not before the Court on a remand.  For the reasons explained above, the Court has concluded it is not bound by *Quintieri* in the habeas context.

[19] *Quintieri*, 306 F.3d at 1227.

[20] 18 U.S.C. § 924(c)(1)(B)(ii).

of 27 years or less on Counts 1-6 and 8.[21]  The probability of such a sentence on Counts 1-6 and 8 for a man who "used his position as an engineer at Allied Signal, a large New Jersey chemical company, to order the necessary chemical ingredients for bomb making, and to order hydrogen tanks from ALG Welding Company that would enhance the bomb's destructive force"[22] in circumstances in which six died, more than a thousand were injured, and millions of dollars of damage done is sufficiently slim as to make a *de novo* resentencing an unwise exercise of this Court's discretion.  That is all the more so when one considers that the object of this movant's crime was even more horrific, as evidenced by the killing of over 3,000 people in the successful 2001 attack on the World Trade Center.

Accordingly, the Court will enter an amended judgment reflecting the vacatur of Count 10 and reducing movant's term of imprisonment by 360 months.

SO ORDERED.

Dated:      August 24, 2020

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge

---

[21] Assuming (without deciding) that movant's life expectancy is 80 years, and as movant is 53 years of age and has served approximately 27 years of his sentence, the total of any sentence on Counts 1-6 and 8 on a *de novo* resentencing would have to be approximately 27 years or less for there to be any actual impact on his overall term of incarceration.

[22] *Salameh I,* 152 F.3d at 107-08.